IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

**Paul Bunyan Lumberjack Show, Inc.**
A Florida corporation

      Plaintiff,

                                    Case No. 15-cv-472

v.

                            **JURY TRIAL DEMANDED**

**Logging Camp, Inc.**
A Wisconsin corporation

      Defendant.

## COMPLAINT

COMES NOW Plaintiff Paul Bunyan Lumberjack Show, Inc. ("Plaintiff") and for its complaint against Defendant Logging Camp, Inc. ("Defendant"), states as follows:

### PARTIES, JURISDICTION AND VENUE

1.     Plaintiff is a Florida corporation with its principal place of business in St. Cloud, Florida.

2.     Upon information and belief, Defendant is a Wisconsin corporation with a principal place of business at 411 Highway 13, Wisconsin Dells, Wisconsin 53965, which has committed infringing acts in this judicial district.

3.     In this lawsuit, Plaintiff seeks damages and injunctive relief for the federal trademark infringements, federal service mark infringements and federal and common law unfair competition engaged in by Defendant.

4.     This Court has in personam jurisdiction over the Defendant and jurisdiction over the subject matter pursuant to 28 U.S.C. § 1338(a) and (b), and 15

U.S.C. § 1121, as well as 28 U.S.C. § 1332(a)(1).  Upon information and belief, the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States.  This Court has supplemental jurisdiction over the state law claims as provided by 28 U.S.C. § 1367.

5.       Venue properly lies in this judicial district and division under 28 U.S.C. § 1391(b) and (c).

STATEMENT OF FACTS

6.       Plaintiff owns the marks **PAUL BUNYAN** and **PAUL BUNYAN LUMBERJACK SHOW** as used in connection with entertainment services in the nature of lumberjack shows, live performances by professional lumberjacks, and providing a web site featuring non-downloadable videos in the nature of performances by professional lumberjacks.  A true and correct screenshot of Plaintiff's website homepage at <http://www.lumberjackent.com/> is attached hereto as Exhibit A.  In connection with these uses, our client owns U.S. Service Mark Registration No. 4,466,297 for the mark **PAUL BUNYAN LUMBERJACK SHOW** as used in connection with "entertainment services in the nature of lumberjack shows; entertainment in the nature of live performances by professional lumberjacks; presentation of live show performances; entertainment services, namely, providing a web site featuring non-downloadable videos in the nature of performances by professional lumberjacks."  A true and correct copy of the registration certificate for U.S. Service Mark Registration No. 4,466,297 is attached

hereto as Exhibit B.    The marks discussed in this paragraph are collectively referred to as the "Paul Bunyan Mark."

7.     Plaintiff first used the Paul Bunyan Mark in interstate commerce at least as early as August of 1988.

8.     Since that time, Plaintiff has been using the Paul Bunyan Mark in interstate commerce continuously in connection with entertainment services in the nature of lumberjack shows and live performances, as well as providing a website featuring professional lumberjack videos.

9.     Defendant adopted and began offering services using the service mark **PAUL BUNYAN'S NORTHWOODS LUMBERJACK SHOW** for a live lumberjack show as well as providing a website featuring lumberjack videos.  A true and correct screenshot        of        Defendant's        website        homepage        at <http://www.dellslumberjackshow.com/> is attached hereto as Exhibit C.

10.    Defendant further adopted and began using the website at the domain name <http://www.dellspaulbunyans.com/> to advertise its lumberjack show and its **PAUL BUNYAN'S NORTHWOODS LUMBERJACK SHOW** mark.

11.    Upon information and belief, Defendant began using the **PAUL BUNYAN'S NORTHWOODS LUMBERJACK SHOW** mark in commerce after Plaintiff's first use of the Paul Bunyan Mark and with knowledge of Plaintiff's prior use of and rights in same.

12.    Defendant has been using the **PAUL BUNYAN'S NORTHWOODS LUMBERJACK SHOW** mark without any license or authorization from Plaintiff.

Despite Plaintiff's demand, Defendant has refused to cease and desist using its **PAUL BUNYAN'S NORTHWOODS LUMBERJACK SHOW**, and continues to do so.

## COUNT ONE
### Action for False Designation of Origin Pursuant to 15 U.S.C. § 1125(a)

13.     This Count One is an action by Plaintiff against Defendant for infringement and false designation of origin with respect to Plaintiff's Paul Bunyan Mark in violation of 15 U.S.C. § 1125(a).

14.     The allegations of Paragraphs 1 through 12 above are incorporated into this Count One by reference.

15.     By virtue of its long-term use and promotion, Plaintiff established valuable goodwill in its Paul Bunyan Mark well-prior to Defendant's adoption and use of the **PAUL BUNYAN'S NORTHWOODS LUMBERJACK SHOW** mark.

16.     Defendant's **PAUL BUNYAN'S NORTHWOODS LUMBERJACK SHOW** mark is confusingly similar to Plaintiff's Paul Bunyan Mark.

17.     Defendant engages in lumberjack shows and provides a website featuring professional lumberjack videos using the mark **PAUL BUNYAN'S NORTHWOODS LUMBERJACK SHOW** in a manner that is directly competitive with Plaintiff's activities offered under Plaintiff's Paul Bunyan Mark.

18.     Defendant's adoption and use of the **PAUL BUNYAN'S NORTHWOODS LUMBERJACK SHOW** mark for its lumberjack shows and website featuring professional lumberjack videos is likely to deceive, confuse and mislead purchasers and prospective purchasers into believing that Defendant's

services emanate from, are authorized by, and/or are in some manner affiliated with or endorsed by Plaintiff.  Indeed, actual confusion has already occurred.

19.     Plaintiff has suffered injury by reason of Defendant's infringing activities outlined in this Count One, and Plaintiff is likely to suffer irreparable harm unless Defendant's infringing activities are permanently enjoined.

20.     Upon information and belief, Defendant's conduct as outlined in this Count One was engaged in with a willful disregard for Plaintiff's rights so as to justify an award of exemplary damages and attorneys' fees under 15 U.S.C. § 1117.

COUNT TWO<br>Action for False Designation of Origin Pursuant to 15 U.S.C. § 1114

21.     This Count Two is an action by Plaintiff against Defendant for infringement and false designation of origin with respect to Plaintiff's Paul Bunyan Mark in violation of 15 U.S.C. § 1114.

22.     The allegations of Paragraphs 1 through 20 above are incorporated into this Count Two by reference.

23.     By virtue of its long-term use and promotion, Plaintiff established valuable goodwill in its Paul Bunyan Mark well-prior to Defendant's adoption and use of the **PAUL BUNYAN'S NORTHWOODS LUMBERJACK SHOW** mark.

24.     Defendant's **PAUL BUNYAN'S NORTHWOODS LUMBERJACK SHOW** mark is confusingly similar to Plaintiff's Paul Bunyan Mark.

25.     Defendant engages in lumberjack shows and provides a website featuring professional lumberjack videos using the mark **PAUL BUNYAN'S**

NORTHWOODS LUMBERJACK SHOW in a manner that is directly competitive with Plaintiff's activities offered under Plaintiff's Paul Bunyan Mark.

26.     Defendant's adoption and use of the **PAUL BUNYAN'S NORTHWOODS LUMBERJACK SHOW** mark for its lumberjack shows and website featuring professional lumberjack videos is likely to deceive, confuse and mislead purchasers and prospective purchasers into believing that Defendant's services emanate from, are authorized by, and/or are in some manner affiliated with or endorsed by Plaintiff.  Indeed, actual confusion has already occurred.

27.     Plaintiff has suffered injury by reason of Defendant's infringing activities outlined in this Count Two, and Plaintiff is likely to suffer irreparable harm unless Defendant's infringing activities are permanently enjoined.

28.     Upon information and belief, Defendant's conduct as outlined in this Count Two was engaged in with a willful disregard for Plaintiff's rights so as to justify an award of exemplary damages and attorneys' fees under 15 U.S.C. § 1117.

COUNT THREE
Anticybersquatting Consumer Protection Act Against Defendant
Pursuant to 15 U.S.C. § 1125(d)

29.     This Count Three is an action by Plaintiff against Defendant for infringement and false designation of origin with respect to Plaintiff's Paul Bunyan Mark in violation of 15 U.S.C. §1125(d).

30.     The allegations of Paragraphs 1 through 28 above are incorporated into this Count Three by reference.

31.     Defendant has registered, is trafficking in, using and maintaining Internet domain names incorporating the Paul Bunyan Mark, including but not limited to the domain names <http://www.dellspaulbunyans.com/>, with the bad faith intent to profit from the goodwill associated with that mark.

32.     The Paul Bunyan Mark was distinctive, and had acquired distinctiveness, long before Defendant registered and/or used the domain name <http://www.dellspaulbunyans.com/>.

33.     The domain name <http://www.dellspaulbunyans.com/> is confusingly similar to the Paul Bunyan Mark.

34.     Plaintiff has been harmed by Defendant's conduct as alleged above in an amount not yet known.

COUNT FOUR
Action for Common Law Trademark Infringement

35.     This Count Four is an action by Plaintiff against Defendant for infringements of Plaintiff's Paul Bunyan Mark in violation of the common law of the State of Wisconsin.

36.     The allegations of Paragraphs 1 through 34 above are incorporated into this Count Four by reference.

37.     By virtue of its long-term use and promotion, Plaintiff established valuable goodwill in the Paul Bunyan Mark as used in connection with entertainment services in the nature of lumberjack shows and live performances, as well as providing a website featuring professional lumberjack videos throughout the United States, including throughout the State of Wisconsin, well-prior to

Defendant's adoption and use of the **PAUL BUNYAN'S NORTHWOODS LUMBERJACK SHOW** mark.

38.     Defendant's **PAUL BUNYAN'S NORTHWOODS LUMBERJACK SHOW** mark is confusingly similar to Plaintiff's Paul Bunyan Mark.

39.     Defendant engages in a live lumberjack show and a website featuring lumberjack videos using the mark **PAUL BUNYAN'S NORTHWOODS LUMBERJACK SHOW** in a manner that is directly competitive with Plaintiff's activities offered under Plaintiff's Paul Bunyan Mark.

40.     Defendant's adoption and use of the **PAUL BUNYAN'S NORTHWOODS LUMBERJACK SHOW** mark for its live lumberjack show and website featuring lumberjack videos is likely to deceive, confuse and mislead purchasers and prospective purchasers into believing that Defendant's services emanate from, are authorized by, and/or are in some manner affiliated with or endorsed by Plaintiff.  Indeed, actual confusion has already occurred.

41.     Plaintiff has suffered injury by reason of Defendant's infringing activities outlined in this Count Three, and Plaintiff is likely to suffer irreparable harm unless Defendant's infringing activities are permanently enjoined.

42.     Upon information and belief, Defendant's conduct as outlined in this Count Three has been engaged in with a willful, wanton or reckless disregard for Plaintiff's rights, so as to justify an award of punitive damages.

**COUNT FOUR**
**Action for Common Law Unfair Competition**

43.     This Count Four is an action by Plaintiff against Defendant for unfair competition under the common law of the State of Wisconsin.

44.     The allegations of Paragraphs 1 through 42 above are incorporated into this Count Four by reference.

45.     Defendant's use of the **PAUL BUNYAN'S NORTHWOODS LUMBERJACK SHOW** mark is likely to cause confusion, mistake or deception as to the source of Defendant's live lumberjack show and website featuring lumberjack videos among actual or potential consumers of Plaintiff.

46.     Plaintiff has suffered injury by reason of the unfair competition of Defendant outlined in this Count Four, and will continue to suffer an irreparable injury unless Defendant's conduct is permanently enjoined.

47.     Upon further information and belief, Defendant's infringing conduct has been engaged in with a willful, wanton or reckless disregard for Plaintiff's rights, so as to justify an award of punitive damages.

## JURY DEMAND

Plaintiff demands a jury trial on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that this Honorable Court enter such Orders, Judgments and Injunctions as is necessary to provide the following relief:

a)   A permanent injunction against the acts of trademark infringement and unfair competition by Defendant complained of herein;

b)   An award of damages sufficient to compensate Plaintiff for the injury it has suffered as a result of Defendant's acts complained of herein;

c)   An accounting and disgorgement of profits derived by Defendant;

d)   Treble damages and profits;

e)   Prejudgment interest;

f)   Reasonable attorney's fees, costs and expenses of this lawsuit;

g)   Punitive damages;

h)   Curative advertising;

i)   Ordering Defendant to cease promotion of entertainment services in the nature of lumberjack shows and live performances, as well as providing a website featuring professional lumberjack videos, from domain names containing the words "Paul Bunyan", including but not limited to <dellspaulbunyans.com/>;

j)   Ordering Defendant to cease promotion of entertainment services in the nature of lumberjack shows and live performances, as well as

providing a website featuring professional lumberjack videos, from social media accounts containing the words "Paul Bunyan";

k)   Destruction of all of Defendant's infringing articles and promotional materials bearing "Paul Bunyan" which promote entertainment services in the nature of lumberjack shows and live performances; and

l)   Such other and further relief as this Court deems just and proper.

Dated this 3rd day of August, 2015.

Respectfully submitted,

RYAN KROMHOLZ & MANION, S.C.

By:   s/Daniel R. Johnson

Daniel R. Johnson (WI Bar No. 1033981)
Joseph A. Kromholz (WI Bar No. 1002464)
P.O. Box 26618
Milwaukee, Wisconsin 53226-0618
Telephone: (262) 783-1300
Facsimile: (262) 783-1211
Email:    djohnson@rkmiplaw.com
          jkromholz@rkmiplaw.com

ALLEN, DYER, DOPPELT, MILBRATH & GILCHRIST, P.A.

By:   s/Allison R. Imber

Allison R. Imber (FL Bar No. 44233)
P.O. Box 3791
255 South Orange Ave., Suite 1401
Orlando, Florida 32801-3791
Telephone: (407) 841-2330
Facsimile: (407) 841-2343
Email:    aimber@addmg.com

*Attorneys for Plaintiff*